NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNY LISSETH MUNGUIA-DE ALFARO; et al., | No. 17-72927 |
| Petitioners, | Agency Nos. A208-993-811 A208-993-812 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023**

Before:     GRABER, PAEZ, and NGUYEN, Circuit Judges.

Jenny Lisseth Munguia-De Alfaro and her minor son, natives and citizens of

El Salvador, petition pro se for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

denying their applications for asylum, and denying Munguia-De Alfaro's

_____

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications withholding of removal and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

We do not disturb the determination that petitioners failed to establish they suffered harm that rises to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (petitioner's past experiences, including two beatings, even considered cumulatively, did not compel a finding of past persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard).

Substantial evidence supports the determination that petitioners failed to establish they would be persecuted on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

We do not consider petitioners' proposed particular social group of

2                                                    17-72927

Salvadorans who reported criminal activities of MS-13 to the police, or the asserted extortion threats because the BIA did not decide these issues, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA), and petitioners do not contend the BIA erred in finding that these claims were not properly before it, *see Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

Therefore, petitioners' asylum claim, and Munguia-De Alfaro's withholding of removal claim fail.

Munguia-De Alfaro does not contest, and therefore waives, the BIA's determination that she did not challenge the IJ's denial of her CAT claim. *See id.*

To the extent petitioners claim that the IJ violated due process, we lack jurisdiction to consider the contention because they failed to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

17-72927